Michael Maloney *vs.* Andrew J. Finne an and others.

March 19, 1889.

Judgment.—The rule that a judgment only affects parties and privies applied.

Dismissal—Executory Transfer of Interest.—An agreement by a plaintiff to transfer to another all his interest in the land which is the subject of litigation, upon being paid a certain sum, which has not been paid, does not constitute an executed transfer of such interest, so as to justify a dismissal of the action.

Appeal by plaintiff from a judgment of dismissal on the pleadings, entered, pursuant to order of *Lochren,* J., in the district court for Hennepin county.

*Thos. Canty,* for appellant.

*A. D. Smith,* for respondents.

Dickinson, J. This is an appeal from a judgment dismissing the action, entered by order of the court upon the pleadings. The action was brought under the statute to determine the adverse claims of the defendants to certain real estate. Both parties, in their respective pleadings, assert title in themselves derived from the same source,—one Abbott, the former owner of the premises. The complaint shows title in the plaintiff as purchaser, at a statutory fore-

closure sale in December, 1885, under a mortgage executed to him and others in October, 1882, and then recorded. It is alleged that no redemption was ever made of the premises in controversy. The answer, admitting the plaintiff's purchase at foreclosure sale, alleges an assignment to the defendant Andrew J. Finnegan, in June, 1886, of a judgment rendered and docketed during that same month in favor of one Leonard Kimball against the mortgagor, Abbott, and that by virtue of that judgment Finnegan duly redeemed the land from the foreclosure sale, and received a sheriff's certificate of redemption. The questions more particularly involved in the defendants' motion for judgment on the pleadings, and upon the consideration of which we understand the allowance of the motion was based, are presented in the subsequent part of the answer as a "second defence," and in the reply thereto. The defendants alleged the following facts: In June, 1887, one Lydia R. Richards commenced an action against the mortgagees of Abbott, including this plaintiff, for the purpose of avoiding and setting aside the foreclosure sale, and to have the title to the land adjudged to be in her, (Richards.) None of these defendants were parties to that action, but this plaintiff appeared therein. Upon trial of that action, the court, in August, 1887, adjudged the foreclosure sale, through which this plaintiff claims title, to have been wholly invalid and of no effect, and that his certificate of foreclosure sale was void. The plaintiff, in reply, denied the validity of the judgment of Kimball against Abbott, by virtue of which the defendants' alleged redemption was made; averring that the court had not jurisdiction, because no summons had been served upon Abbott, although he was a resident of the county in which the court exercised its jurisdiction. It is also alleged that, prior to the redemption proceedings relied upon by the defendants, the judgment debtor, Abbott, tendered payment of the judgment to the assignee, Finnegan, which payment he has always been ready to make, but that it was refused. The assumed redemption is alleged to have been fraudulently and irregularly made. Replying particularly to the "second defence" set forth in the answer, the plaintiff alleges that after the commencement of this action, and prior to June 20, 1887, this plaintiff and Abbott entered into an agreement whereby the plaintiff agreed to transfer to

Abbott all his interest in the lands in controversy, upon being paid the amount of the mortgage debt, with interest and costs. That on or about the day last named Abbott transferred his rights under that agreement to Lydia Richards; the plaintiff, Abbott, and Richards further agreeing that the latter might commence the action against this plaintiff referred to in the answer, that this plaintiff would not defend the same, and that Richards might take judgment therein setting aside the foreclosure sale, and by that means obtain the rights so agreed by plaintiff to be transferred to Abbott; it being further agreed that this action should be continued in the name of this plaintiff for the mutual benefit of this plaintiff and of Richards. The plaintiff has not been paid the money due him under the above agreement.

It will be at once seen that the pleadings presented issues for trial unless, in view of the fact of the recovery of the judgment by Richards, set forth in the second defence, and the facts alleged in that connection in the reply, it is apparent that the plaintiff should not recover. The judgment in favor of Richards and against the plaintiff, declaring the foreclosure void, did not affect these defendants, who were not parties to that action, who have acquired no rights through that judgment, and who stand in no relation of privity with the prevailing party in that action. That judgment can no more operate as an estoppel in their favor, and against this plaintiff, than it could have prejudiced them if the judgment had declared the foreclosure valid, and that the title in fee to the land was in the plaintiff. The defendants' "second defence" was therefore no defence to the plaintiff's claim of title in this action. Nor is it apparent from the reply that the plaintiff has so parted with his interest or title that he has no longer the right to litigate in this action the asserted title of the defendants. The alleged agreement on the part of plaintiff to transfer his interest in the estate to Abbott on being paid the sum of money mentioned, which has not been paid, which contract right passed by assignment from Abbott to Richards, does not disclose an executed or complete transfer of the plaintiff's title or interest in the property. According to the terms of the pleading, that was an agreement to transfer in the future, upon a condition not yet performed.

Nor was the judgment in favor of Richards, setting aside the foreclosure sale, operative to transfer the plaintiff's title to Richards.

We discover no sufficient reason upon the face of the pleadings for the dismissal of the action.

Judgment reversed.