SILAS KING *vs.* EDWARD D. SMITH and another, impleaded, etc.

January 8, 1890.

**Mechanic's Lien on Interest of Purchaser.**—The interest of one who, being in possession of land under a contract of purchase, erects a building thereon, is chargeable with a lien in favor of a material-man or laborer.

**Same—Cancellation of Contract—Assignment of Purchaser's Interest.** The surrender or transfer by such purchaser of his interest in the land cannot divest the mechanic's lien; nor does a judgment cancelling the contract, in an action to which the lienor is not a party, affect his interest.

**Same—Lien on Land and Building.**—The building being so constructed as to become a part of the real estate, the lien is chargeable upon the interest of the purchaser in the land and in the building, without distinction.

    Findings of the court construed, as being in accordance with the statute.

Appeal by defendants Edward D. Smith and Seth K. Howes from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

The plaintiff's lien-statement was as follows:

### Exhibit "A."

"Minneapolis, Minn., March 10, 1888.

*Mr. James McKinney, Jr.,*
   *To Silas King, Dr.*

1887.
July 15th to Dec. 31st.

|  |  |  |
|---|---|---:|
| To plastering, labor and material, on McKinney Block, contract price, | | $2,300.00 |
| Extra wire lathing, 8,170 yds. at 5 c. | | 408.50 |
| Extra work patching up plastering, 9 days work of two men at $5.60 | | 50.40 |
| Dec. 13. | Coke, 19¾ tons at $8.00 | 158.00 |
| Dec. 5. | By cash, | 200.00 |
| | | $2,716.90 |

"State of Minnesota, County of Hennepin, ss.

"Silas King, affiant, makes oath and says: That the labor performed and material furnished, as set forth in the annexed account, was so performed and furnished between and including the 15th day of July, 1887, and the 31st day of December, 1887, and. the last items of said labor and material were so performed and furnished upon the last-mentioned day, December 31st, 1887. That the annexed is a true and correct account of the labor performed and material furnished by him, the said Silas King, to and for Jas. McKinney, Jr., at said county; and the prices thereof set forth in the account hereto annexed are just and reasonable, and the same is unpaid, except the sum of two hundred dollars therein credited. That said labor was performed and material was furnished for said James McKinney, Jr., at the time in said account mentioned, under and by virtue of a verbal contract between Silas King, the affiant, and said James McKinney, Jr., and by and with the consent of the record owners, viz., Mary E. Boshart, George G. Boshart, and Daniel Webster Lane, and for erecting, constructing, and furnishing a certain hotel and store building, and said labor was performed and said material was actually used in erecting and constructing said building. And the affiant further makes oath and says: That the said James McKinney, Jr., was, at the time said contract was entered into and said labor was performed and said material was furnished, the owner of said hotel and store building, and that said building is situate upon a certain lot of land, at that time, ever since and now owned by said James McKinney, Jr., in equity, under and by virtue of a certain contract to him from the owners of record in the office of the register of deeds in and for said county, viz., Mary E. Boshart, George G. Boshart and Daniel Webster Lane, in section number 27, township number 29 north, of range number 24 west, in said county of Hennepin and state aforesaid, described as follows, to wit, [describing

the lot,] and this affiant claims a lien on the premises."   [Signature and Jurat.]

The facts found by the court are stated in the opinion. The order for judgment was that plaintiff have judgment against defendant McKinney for $2,716.90, with interest and costs, and "that said judgment be declared a specific lien upon the building described in the complaint and upon the interest which the said James McKinney, Jr., had in the land upon which said building is located at the time when the material was furnished and the labor performed as alleged in the complaint. That said building and the said interest of the said McKinney in and to said land, as stated, be sold by the sheriff of said county as provided by law, to satisfy said claim."

*Jackson, Atwater & Hill,* for appellants.

*Simpson & Lang,* for respondent.

DICKINSON, J. This is an action to enforce a mechanic's lien upon real estate. Prior to the 15th of July, 1887, the defendant McKinney, with his wife, and the defendants Olive A. Lee and Bernard A. Lee, entered into contracts with the owners of the land in question, the defendants Boshart and Lane, for the purchase of the property, and McKinney entered into possession and commenced the construction of a building thereon. During the period from July 15, 1887, to December 31, 1887, the plaintiff, pursuant to a valid contract with McKinney, performed the labor and furnished the material for the erection of this building for which a lien is claimed, to the extent of $2,916.90, and which McKinney promised to pay. Two thousand three hundred dollars of this amount was for labor and material in plastering the building, that being the contract price. On the 10th of March, 1888, only $200 having been paid, the plaintiff filed his lien statement in which the item of $2,300 was stated as one entire charge, as follows: "Plastering, labor and material, contract price, $2,300." The affidavit attached to the statement of the account stated McKinney's contract relations with the owners of the property, the defendants Boshart and Lane, but did not state that there had been any agreement on their part respecting the erection of the building; the only allegation being that the contract with McKinney for the labor and material in question was with the "consent" of such

owners of the fee. March 29, 1888, McKinney entered into a contract with the defendants Smith and Howes for the sale of his interest and the conveyance of the property to them, the contract showing the existence of liens upon the same growing out of the construction. The defendants Boshart and Lane have since conveyed the property to Smith and Howes, subject to all claims upon the property subsequent to the date of McKinney's contract of purchase. On the 16th of March, 1888, the owners of the legal title, the defendants Boshart and Lane, commenced actions against the persons who had contracted to purchase from them,—that is, McKinney and wife, —and the defendants Lee, (no other parties being joined,) in which actions judgments were entered June 4, 1888, in terms cancelling and annulling the contract of purchase. None of the defendants in those actions interposed any defence.

The court held that the plaintiff was entitled to a personal judgment against McKinney for the amount claimed, and that this should be charged as a specific lien upon the building, and upon the interest which McKinney had in the land at the time of the performance of the labor and furnishing of the material; and judgment was ordered accordingly. This is an appeal by Smith and Howes from an order refusing a new trial.

At the time when the actions were commenced against McKinney and his co-contractors to cancel the contract of purchase, and when the judgments were entered in those actions, this plaintiff had a perfected lien (as to the validity of which we shall speak hereafter) upon the property. He was not a party to the actions referred to, and his interests were in no way prejudiced by the judgments. *Maloney* v. *Finnegan*, 40 Minn. 281, (41 N. W. Rep. 979.) Nor could he be divested of his lien by any relinquishment or assignment by McKinney of his contract rights, or by the transfer of the property to the defendants Smith and Howes. *Boyd* v. *Blake, supra*, p. 1.

The point that the lien statement was insufficient as to the charge of $2,300, because there was no more particular statement of the elements entering into it, is not sustained. This sum being the agreed contract price for the work specified, as an entirety, no more detailed statement of the account was necessary, even if it was possible.

v.42M—19

It may be conceded that a lien was not secured upon the interest remaining in the owners of the legal title after they had contracted to sell to McKinney.    If that be so, it is immaterial as the case is now presented.    The lien statement was certainly sufficient to affect the interest of McKinney in the property, and we construe the conclusion of the trial court, which is expressed substantially in the language of the statute, as being to the effect that the amount of the recovery against McKinney should be adjudged to be a specific lien upon the interest which McKinney had in this property at the time when the material was furnished and labor performed.    That there may be no future doubt or controversy as to the effect of the judgment to be entered, this should be distinctly declared in the judgment.    While the language of the statute, and of the conclusion of the court below, may suggest an interpretation in accordance with the theory that the lien is to be charged upon the building, irrespective of the fact of ownership, and upon the interest of McKinney in the land, this is not justified by the statute.    The statute is awkwardly worded, but, if its language is carefully considered, it seems apparent that a lien is only authorized upon the property of the "owner" (either as respects the house or the land) who has contracted for the making of the improvements; that is, that only the interest belonging to the persons contracting for the improvements is to be subjected to a lien therefor.    The language of the statute is that "whoever performs labor or furnishes materials or machinery for erecting  *  *  * any house,  *  *  *  *  *  *  *  *  * *  *  *  upon such house,  *  *  *  together with the right, title, or interest of *the person owning such house,*  *  *  *  on and to the land upon which the same is situated."    Gen. St. 1878, *c.* 90, § 1.    A distinction is to be observed between such statutes and those authorizing a lien for what has been done with the "consent" of the owner.    Jones, Liens, § 1251.    It is true that a lien may be acquired by one having no personal contract relation with the owner, as in the case of subcontractors doing labor or providing materials for the performance of the contract between the owner and the principal contractor.    But, in the absence of any contract, express or implied, on the part of one

owning some interest in the property, a lien cannot be secured. *Ziegler* v. *Galvin*, 45 Hun, 44; *Jones* v. *Walker*, 63 N. Y. 612.

Referring again to the statute providing for a lien "upon such house," etc., we regard the following part of the same sentence as disclosing that it was not intended that a lien should attach to the house irrespective of its ownership; for the lien, which is also to rest upon the "land upon which the same is situated," is by the terms of the law confined to the interest (in the land) of "the person owning such house. * * *" The statute proceeds upon the theory (except in cases specially provided for in section 10) that the building becomes a part of the real estate, and that the ownership of the building and of the land are identical. And such seems to have been the fact in the case under consideration. The case justifies us in assuming that the building became a part of the realty, and there was no reason for any distinction in respect to the lien between the building and the land. It is considered that the conclusion and order of the court, the language of which so closely conforms to that of the statute, should be construed in the same manner as the statute; the lien being upon the interest of McKinney in the building and in the land in question.

Order affirmed.