THE HOME LUMBER AND SUPPLY COMPANY, *Appellee,* v. G. F. MCCURLEY *et al., Appellees,* and SCHOOL DISTRICT NUMBER ONE, *Appellant.*

No. 17,053.

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Inclusion of Nonlienable Items in Good Faith Does Not Defeat.* The inclusion of nonlienable items in a statement for a mechanic's lien does not defeat the lien when there is no falsification of the statement, when such items are not confused with those which are proper so that they can not be easily separated, and when they were included in good faith under a mistaken belief respecting the extent of the claimant's right.

2. ——— *Lien Statement Sufficiently Itemized.* A subcontractor's lien statement for material furnished and labor performed under a completed contract for a stipulated gross price is sufficiently itemized which gives the contract price, and extra items stated separately.

3. ——— *Notice of Filing—Diligence in Serving—Question of Fact.* Notice of the filing of a mechanic's lien must be given the owner within a reasonable time. The question whether or not diligence has been exercised in serving the notice is one of fact to be determined according to the circumstances of each case.

4. ——— *Notice of Filing of Lien Statements.* Under the facts stated in the opinion it is held that notices of the filing of lien statements were given in time although in one instance the delay extended over a period of 137 days.

Appeal from Clark district court.   Opinion filed May 6, 1911.   Affirmed.

*W. S. McClintock, A. L. Quant,* and *McCune, Harding, Brown & Murphy,* for the appellant.

*W. W. Harvey,* for the Home Lumber and Supply Company, appellee; *H. J. Bone,* of counsel.

*H. T. Dedrick,* and *W. M. Dedrick,* for C. S. Pratt and J. Blakeman, appellees.

*Paul Brown,* and *Silas S. Brown,* for W. L. English, appellee.

The opinion of the court was delivered by

BURCH, J.: The Home Lumber and Supply Company, as a subcontractor, brought an action to foreclose a mechanic's lien upon a schoolhouse erected for the school district, as owner.   The general contractor, G. F. McCurley, and several subcontractors claiming liens were made parties.   Among the latter were W. L. English, doing business as the Globe Cornice Works, C. S. Pratt and J. E. Blakeman.   Judgment was rendered for the foreclosure of the plaintiff's lien and for the foreclosure of the liens of the other subcontractors, and the school district appeals.

The plaintiff furnished material both to McCurley and to Blakeman.   No personal account was kept with either one.   All items were entered under a general account known as "School District No. 1 contract," with a notation showing whether delivery was made to McCurley or to Blakeman.   The plaintiff claimed a lien for the balance due on the account as an entirety. The statute does not authorize a lien in favor of one who is a subcontractor under a subcontractor (*Nixon v. Cydon Lodge,* 56 Kan. 298) and it is argued that the plaintiff's right to a lien was forfeited by the inclusion of nonlienable items in the lien statement.   There is nothing in the abstract to show that this matter was

Lumber Co. v. McCurley.

presented to the trial court. It is not referred to in the oral opinion delivered by the district judge in deciding the case. The only question seems to have been whether or not the balance due on the Blakeman items should be subtracted from the plaintiff's claim, and Blakeman be given a lien for such balance instead of the plaintiff. However, treating the question as properly raised, the plaintiff did not forfeit its right to a lien. There was no confusion in or falsification of the account or of the lien statement. The two classes of items were separated on the face of each. No purpose to deceive or to defraud is indicated and no embarrassment to the owner or to others could well result from the excessive claim. The plaintiff's manager testified that he did not at any time look to Blakeman personally, but that from the arrangement he had with McCurley he understood that all the material furnished for the building went to one general account for which McCurley as general contractor was responsible. The plaintiff acted throughout consistently upon this theory and was simply mistaken in the extent of its right. The statute of this state is very liberal. It simply requires a verified statement setting forth, in the case of a contractor, "the amount claimed and the items thereof, as nearly as practicable" (Civ. Code, § 650), and in the case of a subcontractor, "the amount due from the contractor to the claimant, and the items thereof as nearly as practicable" (Civ. Code, § 651). Under this statute nothing short of bad faith in the inclusion of nonlienable items will defeat a lien. Such is the trend of all the modern authorities. (20 A. & E. Encycl. of L. 411, and authorities cited in note 6; 27 Cyc. 203; Boisot, Mech. Liens, § 425; Bloom, L. of Mech. Liens, § 414; Phillips, Mech. Liens, 3d ed., § 335; Rockel, Mech. Liens, § 115.)

It is said that the plaintiff's lien was not filed in time. The court found otherwise upon slight, but sufficient,

evidence. The question being one of fact the ruling will not be disturbed. Also, it is said that the plaintiff's lien statement was not introduced in evidence. The court and all the parties dealt with it as if it were properly in evidence, and the omission formally to introduce it was not prejudicial.

The Blakeman, English and Pratt lien statements are attacked as not properly itemized. These parties were subcontractors who had contracted to do specific portions of the work for stipulated sums. Their work was completed according to contract and their statements gave the contract price, extra items, where there were any, and credits for payments received. This was sufficient. The third paragraph of the syllabus of the decision in the case of *Nixon v. Cydon Lodge,* 56 Kan. 298, reads as follows:

"Where a subcontractor enters into a contract for the performance of certain work upon the building at a specified price, and the work is completed within the contract price, he need not, in filing a statement for a lien, separate and state the different elements which enter into his claim."

Notices of the filing of the liens of the parties just referred to were not given immediately to the owner. In one instance the notice was delayed 137 days, and it is claimed these liens are void for want of notice.

The statute fixes no time within which notice shall be served. Therefore a reasonable time is contemplated. What time is a reasonable time in a given case must depend upon all the circumstances. In the case of *Deatherage v. Henderson,* 43 Kan. 684, the opinion reads:

"Statutes relating to liens for mechanics and materialmen should be liberally construed so as to protect, as far as possible, within the terms of the statute, the rights and equities of such persons. . . . A more reasonable construction of the statute would be, to give the subcontractor a reasonable time, after filing his lien, to furnish a copy thereof to the owner or

agent of the premises. What would be a reasonable time must be determined by the court or jury trying the case under the attending circumstances. But the subcontractor must be diligent in serving his notice after filing his lien. (p. 690.)

In this case the school district knew the amounts of the subcontractor's claims and understood that liens would be filed if the claims were not adjusted. Later it obtained accurate knowledge of the liens which were filed and asked the contractor to check them over and see that they were correct (which he did) so that the balance of the contract price could be applied to their discharge. For a time, at least, the school district contemplated bringing suit on the contractor's bond to protect all lines. Attorneys for the lienholders communicated with the school board and its attorneys about their claims. The supposition was that an adjustment could be reached without litigation and so time was suffered to elapse without further steps being taken to perfect the liens. It clearly appeared that the school district suffered no injury whatever from the failure to receive earlier formal notice. Under these circumstances it can not be said that the trial court erred in holding that the school district had no reason to complain and that the notices were served in time.

Minor matters discussed in the briefs do not require comment, and the judgment of the district court is affirmed.