ANDREW J. ENGEBO v. JOSEPH LUCIUS AND ANOTHER.[1]

November 7, 1924.

No. 24,148.

**Complaint stricken out for failure to file bill of particulars.**
> The order striking out the plaintiff's complaint and disallowing his
> claim in a mechanic's lien action because of his failure to file a bill of
> particulars as directed by the court pursuant to G. S. 1913, § 7031, is
> sustained.

Action in the district court for Dakota county to foreclose a me-
chanic's lien. From an order, Converse, J., striking out plaintiff's
complaint and disallowing his claim, plaintiff appealed. Affirmed.

*John J. Keefe,* for appellant.

*C. S. Lowell,* for respondents.

DIBELL, J.

This is an action to foreclose a mechanic's lien. The plaintiff
appeals from an order striking out his complaint and disallowing
his claim under G. S. 1913, § 7031, which authorizes such order
when the plaintiff fails to file a bill of particulars as directed by
the court.

This action was commenced on September 17, 1921. On October
7, 1921, the defendant demanded a bill of particulars. The purpose
of a bill is to apprise the party asking it of the details of the de-
mand. Behrens v. Kruse, 121 Minn. 90, 140 N. W. 339.

Delay followed and was condoned. Finally, on September 18,
1922, an order was entered requiring the plaintiff to serve within
ten days a "bill of particulars showing the particular items of each
and all materials furnished or used by plaintiff in the construction
of the dwelling house described in the complaint herein, the price
actually paid by plaintiff for each and all said materials, and the
names of each and all persons from whom the same were purchased."

Within ten days the plaintiff served a supplemental bill, with a

[1]Reported in 200 N. W. 637.

verification stating that his former bill contained all "except that the mill bill and the list of the items of lumber used in said construction were not set forth in detail," and that the supplemental bill supplied the deficiency.

On March 3, 1924, an order was entered striking the plaintiff's complaint and disallowing his claim for failure to file a proper bill. From this order the appeal is taken.

The supplemental bill gave no itemized statement of amounts paid for the mill work and lumber. Though it should be held that these items were under a single contract at a stipulated price, something. which does not appear clearly, still the original bill and the supplemental bill do not furnish the details to which the defendants were entitled. There are left charges running into large amounts not itemized at all.

Order affirmed.