No. 39,106

ED HOLTZEN, doing business as ED HOLTZEN WOODWORK COMPANY, *Appellee,* v. RALPH J. DUNN and ALMA B. DUNN, *Appellants,* and CHARLES W. CALLISON, THE GEORGE W. ULTCH LUMBER COMPANY. doing business· as STOCK YARDS CASH AND CARRY LUMBER COMPANY, STOCK YARDS CASH AND CARRY LUMBER COMPANY, *Appellees,* and ALLENS, INC., et al., *Defendants.*

(269 P. 2d 1042)

Opinion filed May 8, 1954.

*Joe T. Rogers,* of Wichita, argued the cause, and *Roy L. Rogers,* of Wichita, was with him on the brief for the appellants.

*O. W. Helsel,* of Wichita, argued the cause, and *J. Roderick Mayall,* and *Robert C. Helsel,* both of Wichita, were with him on the brief for appellee Ed Holtzen.

*Wilbur H. Jones,* of Wichita, argued the cause, and *Orval L. Fisher,* of Wichita, was with him on the brief for appellee The George W. Ultch Lumber Company.

*Roy H. Wasson,* of Wichita, argued the cause for appellee Charles W. Callison.

The opinion of the court was delivered by

THIELE, J.: This was an action brought by the plaintiff to foreclose a subcontractor's mechanic's lien against real estate owned by the defendants Dunn. Certain defendants filed cross-petitions seeking foreclosure of their subcontractor's mechanic's liens. From a judgment foreclosing the liens of the plaintiff and two of the defendants later mentioned the defendants Dunn appeal.

Insofar as the cross-petition of The George W. Ultch Lumber Company is concerned we note that it was there alleged that the cross-petitioner was known to the public as above named and as Stock Yards Cash and Carry Lumber Company and that its lien was filed in the latter name, and it prayed for an order authorizing it to amend its lien statement and for foreclosure of its lien.

Neither the abstract nor the counter-abstract disclose that the petition of the plaintiff or the cross-petitions of defendants, The George W. Ultch Lumber Company and Charles W. Callison, were ever attacked by motion or demurrer, but they do disclose that in the answers thereto by defendants Dunn it was alleged that no lien statement sufficient to create a lien was ever filed in time and manner as required by law. It may be said that at the trial there was no contention but that the three claimants above mentioned had furnished the labor and materials which were the basis of their alleged liens.

During the course of the trial defendants Dunn objected to the plaintiff's lien statement as not being an itemized statement whereupon plaintiff moved for permission to amend to conform to the proof as to the items furnished. A little later in connection with the proof of the claim of The George W. Ultch Lumber Company, objection was made to the lien statement as being made by Stock Yards Cash and Carry Lumber Company, whereupon a motion to amend under the name of The George W. Ultch Lumber Company was made. Both of the above motions were allowed. In connection with the claim of Callison the objection was only that the statement was not sufficiently itemized—there was no request for amendment. Later the trial court made findings of fact which need not be noticed, and rendered judgment finding the amounts due the several claimants and ordering foreclosure of the liens.

Thereafter the defendants Dunn filed their motion for a new trial on grounds which included that the trial court erred in awarding liens to the three claimants named above for the reason no valid lien statements had been filed, and in permitting the amendments above mentioned. This motion was denied and defendants Dunn served a notice of appeal from the ruling of the trial court in permitting The George W. Ultch Lumber Company to amend its lien statement, in refusing to dismiss the plaintiff's claim because no itemized statement was attached and in permitting the amendment of his lien statement, in refusing to dismiss the claim of Callison be-

cause of failure to file an itemized lien statement, and from the judgments of foreclosure rendered, and the specification of errors is in accordance. There was no appeal from the ruling on the motion for a new trial; and, if otherwise permissible, there is no specification of error pertaining to the ruling on that motion.

We do not find it necessary to treat at any length the question of amendment of mechanic's lien statements as authorized under G. S. 1949, 60-1405, a question considered at some length in our recent decision in *Thomasson v. Kirkpatrick*, 174 Kan. 52, 254 P. 2d 329, where many of our former decisions are cited and reviewed, for the error, if any, and that is not conceded, was a trial error. Although the question of amendment was called to the court's attention on the motion for a new trial, no appeal was taken from the ruling denying the motion and nothing is now presented for review. See *Dolan Mercantile Co. v. Wholesale Grocery Subscribers*, 131 Kan. 374, syl. No. 2, 291 Pac. 935, and *Skaggs v. Callabresi*, 145 Kan. 739, syl. No. 2, 67 P. 2d 566.

Insofar as the Callison claim is concerned, appellants made the contention that no itemized statement was attached to his lien statement, and that no attempt to amend was made. It is true no amendment was made. It is the fact, however, that attached to Callison's lien statement was an itemized statement showing the contract price was $1,600; that extra colored fixtures were furnished at the request of the owner amounting to $157.10; that $693.84 had been paid and that the amount due was $1,063.26. The trial court gave judgment for the latter amount. Appellants' argument is that a lien statement which does not have an itemized statement of the account is not good. They do not argue the question generally and cite no specific authorities except to say "See the authorities hereinafter cited." Many of those authorities treat the matter of amendment, and none of them reach the precise point now under discussion. The instant case comes squarely within the rule laid down in *Lumber Co. v. McCurley*, 84 Kan. 751, 115 Pac. 590, where it was held:

"A subcontractor's lien statement for material furnished and labor performed under a completed contract for a stipulated gross price is sufficiently itemized which gives the contract price, and extra items stated separately." (Syl. No. 2.)

The judgment of the trial court is affirmed.