# MINNESOTA HOME REBUILDING & REPAIR COMPANY v. EDWARD KRAULIK AND ANOTHER.[1]

December 17, 1954.

No. 36,379.

*Fred Albert,* for appellant.

*Adolph Anderson* and *Philip J. Stern,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Action to foreclose a mechanic's lien. The complaint alleged that on April 17, 1952, plaintiff, Minnesota Home Rebuilding & Repair Company, entered into an agreement with the defendants, Edward Kraulik and Agnes Kraulik, under which it was agreed that plaintiff would build a three-room addition to defendants' house in Columbia Heights, for the sum of $5,544.83. Subsequently, the parties further

---

[1]Reported in 67 N. W. (2d) 673.

agreed that additions be made thereto to cost $248. Plaintiff seeks judgment for $2,792.83, balance due under the contract, and to have the same adjudged a lien on the premises described.

Attached to the complaint a verified bill of particulars set forth a list of subcontractors furnishing materials and labor under the contract and the amount due them therefor, as follows:

| | |
|---|---|
| Schermer Bros. Lumber Co. | |
| Lumber, Millwork, Roofing | $950.71 |
| Weinmann Plumbing & Heating Co. | 441.86 |
| Heating Service | |
| Heating Supplies | 105.00 |
| C. B. Annis Electric Co. | |
| Wiring and Service | 250.00 |
| Savitt Bros., Inc. | |
| Paint | 126.72 |
| Ellis Cement Co. | |
| Cement Block and Service | 918.54 |
| | $2,792.83 |

Subsequent to commencement of the action, defendants moved to dismiss the complaint on the ground that the bill of particulars was "improper in form and substance and fails to properly or adequately designate the items of labor and materials furnished." On November 10, 1953, the trial court ordered plaintiff to "serve and file" within 30 days a "good and sufficient bill of particulars herein in accordance with the statute * * *." Within the 30-day period the latter served and filed an amended complaint to which was attached a verified bill of particulars setting forth:

"That the plaintiff, under a contract dated April 17, 1952, for the construction of an addition to an existing building, which addition comprised of a kitchen, bedroom, rear porch and basement, furnished labor and materials from the 1st day of June, 1952, to the 19th day of January, 1953, when said addition was completed, and that all of said materials and services were furnished for the im-

provement above stated to the premises owned by the defendants herein, described in the body of the complaint hereto attached.

"That the improvement provided for herein was constructed for the agreed price of Five Thousand Seven Hundred Ninety-two and 83/100 ($5,792.83) Dollars."

Defendants thereupon moved for an order, striking the complaint and disallowing the claim to the extent that it purported "to be an action to foreclose the Mechanics Lien," upon the ground that plaintiff has "failed to abide the prior Order of the Court herein * * * relative to the making and filing herein of a good and sufficient amended Bill of Particulars as prescribed by law * * *."

On January 22, 1954, the trial court made its order disallowing plaintiff's claim "to the extent that the same purports to be an action to foreclose a mechanics lien." This is an appeal from such order.

■ The rule appears well established that under M. S. A. 514.03 and 514.13, where labor and material are furnished under an entire contract for a specified sum, an itemized bill of particulars for such labor and material is unnecessary. Section 514.03[2] specifies directly that in such cases the lien shall be for the agreed sum. Section 514.13[3] requires that each lienholder attach to his complaint or answer a "bill of the items of his claim" and file such further and more particular account as the court may at any time direct.

---

[2]Section 514.03 provides in part: "If the contribution be made under a contract with the owner and for an agreed price, the lien as against him shall be for the sum so agreed upon; otherwise, and in all cases as against others than the owner, it shall be for the reasonable value of the work done, and of the skill, material, and machinery furnished."

[3]Section 514.13. "Each lienholder shall attach to and file with his complaint or answer a bill of the items of his claim, verified by the oath of some person having knowledge thereof, and shall file such further and more particular account, as the court may at any time direct. Upon his failure to file such original or further bill, his pleading shall be stricken out and his claim disallowed. No failure to comply with any of the provisions of this chapter shall affect the right of any person to recover, in an ordinary civil action, from the party with whom he has contracted."

■ Here the agreed amount constitutes a single item which gives rise to the lien, and a statement in the bill of particulars to such effect would seem to constitute adequate compliance with § 514.13. This is in accordance with the rule in many jurisdictions where similar statutes are in effect. See, Taylor v. Netherwood, 91 Va. 88, 20 S. E. 888; Green v. Fiester, 125 Neb. 874, 252 N. W. 397; King v. Elliott, 197 N. C. 93, 147 S. E. 701; Holtzen v. Dunn, 176 Kan. 206, 269 P. (2d) 1042; Boisot, Mechanics' Liens, § 411; 57 C. J. S., Mechanics' Liens, § 165e(2).

In Taylor v. Netherwood this basic principle is expressed as follows (91 Va. 93, 20 S. E. 890):

"* * * In such case [contract for gross sum] it was not necessary, if possible, to furnish an itemized statement of the materials or labor. The account filed states what the work was, and the contract price. It could not set forth the specific quantity of the different materials, and the prices therefor, or the amount and price of the labor, as is insisted on, when there had been no agreement as to the materials or labor separately, either as to quantity or price. It sets forth the only contract that was made, and in doing so 'conforms substantially' to the requirements of the law. * * * Where the work is contracted for as an entirety for a specific amount, and this is so set out in the account filed, all the information is given that is needed or can be reasonably required."

■ The decisions of this court under §§ 514.03 and 514.13 are in accordance with the foregoing. Thus in Steele v. Vernes, 212 Minn. 281, 282, 3 N. W. (2d) 425, 426, which involved a claim for carpenter's services, the court stated: "Plaintiffs' claim was for labor furnished—a single item—and no bill of particulars was necessary." In Jandrich v. Svabek, 170 Minn. 24, 26, 211 N. W. 957, 958, involving the reasonable value of architectural services in the preparation of building plans and specifications, it was held that "No bill of particulars is necessary * * * where the claim involves but a single item." In King v. Smith, 42 Minn. 286, 288, 44 N. W. 65, which construed a prior lien statute requiring the lien statement, rather than the bill of particulars, to set forth (G. S. 1878, c. 90, §§ 6 and 7) the

"items of labor, skill, materials or machinery furnished," and, in case of a written contract, a copy thereof in addition, the court held that a lien statement under a contract which set forth "Plastering, labor and material, contract price, $2,300," was sufficient. There the court stated (42 Minn. 289, 44 N. W. 66):

"* * * This sum being the agreed contract price for the work specified, as an entirety, no more detailed statement of the account was necessary, even if it was possible."

A like result was reached in Leeds v. Little, 42 Minn. 414, 416, 44 N. W. 309, involving the erection of a dwelling house, where this court stated:

"The objection to the statement for a lien is that it does not give the items of the labor and material, or their value, but is a mere statement in gross, * * *. This point is virtually disposed of by King v. Smith, *supra*, p. 286. Plaintiffs' contract being for a gross sum for the whole job, no more detailed statement was necessary or practicable."

■ Defendants rely upon Engebo v. Lucius, 160 Minn. 479, 480, 200 N. W. 637, 638, where it was said:

"The supplemental bill gave no itemized statement of amounts paid for the mill work and lumber. Though it should be held that these items were under a single contract at a stipulated price, something which does not appear clearly, still the original bill and the supplemental bill do not furnish the details to which the defendants were entitled."

While this implies that an itemized statement is requisite even in cases involving agreements for specified sums, an examination of the facts giving rise to the statement quoted establishes that there the contract referred to, called for payment on the basis of actual cost of labor and material, plus five percent. Obviously, before the contract price could be determined, an itemization of the labor and material furnished was essential. Such a situation would have no application to the facts in the instant case. Here the original and amended bill of particulars, and the answer interposed, are more

than sufficient to apprise defendants of the nature of plaintiff's claim and to permit them to present such evidence as they may have as to lack of performance or other breach of the contract described in the bill of particulars. See, Northwestern Lbr. & W. Co. v. Parker, 120 Minn. 107, 145 N. W. 964.

The order appealed from is reversed.

Reversed.