HELGERSON, Respondent, v. MITCHELL et al., Appellants.

(144 N. W. 117.)

**Depositions—Notice of Taking—Designation of Place—Motion to Suppress.**

> Where a notice to take depositions stated the place of taking to be at 12 South Main street, the actual place of taking being at 12 North Main street, held, no ground for suppressing depositions, in absence of showing that defendants were prejudiced, and did not know the correct place of the taking.

(Opinion filed December 5, 1913.)

Appeal from Circuit Court, Lyman County.   Hon. WILLIAM WILLIAMSON, Judge.

Action by O. E. Helgerson against George W. Mitchell and W. H. Pratt, Jr., copartners as the Mitchell Land & Loan Company, and another, to foreclose a mechanic's lien.   From a judgment for plaintiff, defendants appeal.   Affirmed.

Defendants moved to suppress a deposition, because the notice recited that it would be taken before a notary at 12 South Main street in the city of Minot, N. D., whereas the place of taking was 12 North Main street in said city.

For the opinion of the court in the main case involving this and other questions, see Squier v. Mitchell et al. 32 S. D. 342, 143 N. W. 277.

*Bartine & Bartine,* and *F. C. Wederath* for Appellants.

*C. D. Howe,* and *Brown & Brown,* for Respondent.

POLLEY, J.   This action is prosecuted for the foreclosure of a mechanic's lien.   At the time of the transactions that are the basis of the controversy, two of the defendants were the owners of a hotel building and certain lots in Presho.   The building was occupied by a tenant, under a lease from the owners, and was in need of numerous repairs and furnishings.   Plaintiff was a dealer in hardware and building supplies at Presho, and the tenant

ordered from him certain materials, which were used in making repairs on the building. These supplies were not paid for by the tenant, and payment was demanded from the owners of the building. They refused to pay the bill, and plaintiff filed a mechanic's lien on the property.

The sole question at issue in the case was whether or not the tenant had authority to purchase the said materials and bind the owners of the building therefor. One of the defendants acquired his interest in the property after the filing of the lien. The evidence in support of the alleged agency consisted mainly of the testimony of the plaintiff and the deposition of the said tenant. The evidence in this case is the same, and the case itself is similar, in all particulars, to the case of Squier v. These Same Defendants, recently decided by this court and reported in 143 N. W. 277. A motion to suppress the deposition was made in this case, as in the Squier Case, and upon the same ground. The motion in that case was overruled, and for the same reason the motion must be overruled in this case. The same is true in regard to all the other questions discussed in appellants' brief. They relate mainly to the admission and exclusion of testimony on the trial. The rulings in this case are the same, and are based upon the same grounds, as in the Squier Case, and therefore the result arrived at in this case must be the same as in that.

Therefore it necessarily follows that the judgment and order appealed from must be affirmed.