ELWELL, Respondent, vs. ADDER MACHINE COMPANY, Appellant.

*May 13—June 5, 1908.*

*Foreign corporations: Licensing: Interstate commerce: Contract of agency for intrastate business: Fraud: Nonperformance: Remedies.*

1. Sec. 1770*b*, Stats. (1898), requiring foreign corporations to obtain a license before transacting business or acquiring, holding, or disposing of property in this state, does not apply to such business as constitutes interstate commerce or to such property as is acquired, held, or disposed of in this state in carrying on interstate commerce; and from the provision declaring that contracts by an unlicensed foreign corporation shall be void on its behalf but enforceable against it there must be excepted such contracts as relate to interstate commerce.

2. A complaint alleges that defendant, an unlicensed foreign corporation engaged in the business of selling adding machines, fraudulently induced plaintiff to enter into a contract to act as its selling agent for such machines in this state; that the fraud consisted in representing, by its conduct in making such contract, that it was a licensed corporation, and in concealing the fact that it was not licensed to do business in this state; that

Elwell v. Adder Machine Co. 136 Wis. 82.

in execution of the contract, before discovering the facts, plaintiff had incurred certain expenses; and that upon such discovery he ceased to transact the business of the agency. *Held*, that if the contract set forth be construed to relate to interstate commerce and to be capable of being carried out by acts constituting such commerce, plaintiff shows himself in default and has no cause of action; while if the contract relates to intrastate commerce defendant would be unable to perform on its part until it should obtain a license to do business in this state, and for failure of performance by defendant the plaintiff has a right of action on the contract, the existence of which right excludes any right of action for deceit or upon any *quasi*-contract liability.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

The appeal is from an order overruling a demurrer to the complaint. The complaint averred that the respondent was at all times therein mentioned a citizen and resident of Wisconsin and that the appellant was a foreign corporation organized and existing under the laws of the state of Pennsylvania and engaged in the business of selling and repairing a machine called the Wales adding machine. January 22, 1907, in the state of Wisconsin, the parties entered into a contract in writing which is set forth in full in the complaint. This contract recites that the appellant is a corporation of Pennsylvania, and the appellant therein expressly appoints the respondent its selling agent for the sale of said machine for three years, with the privilege on the part of the respondent of a renewal for two years if his handling of the business is satisfactory to the appellant. The respondent is designated in every paragraph of the contract as selling agent. Respondent takes over and assumes a lease of certain premises in Milwaukee and also indebtedness for office furniture and equipment, has the exclusive right to sell in the state of Wisconsin and northern Michigan, and agrees to devote his time and best endeavors to sell the said Wales adding machine throughout said territory. All machines received by

the selling agent or sold are to remain the property of the appellant until fully paid for. The machines are to be billed by the appellant to its customers in the name of the appellant, and payments therefor to be made by check or draft direct to the order of the appellant. Respondent should adopt such forms and terms in connection with the sales as might be required by the appellant, no machine to be sold except in the described territory without written permission from the home office of the appellant or from that agent of the appellant in whose territory the machine is to be placed. In that case the respondent should receive only part commission. The respondent was not allowed to sell the machines for less than the full list or invoice price, except by written permission of the appellant, and the respondent was to furnish a bond to the appellant in the sum of $5,000 if required. The respondent was required to bear all expenses in connection with the sale of said machines, except those provided by appellant in its general rules or policy governing its agency contracts. The compensation of the respondent was a commission of thirty-five per cent. of the selling price of the machine, which was to be in full and become due only after the appellant had received full payment for the machine. No machines could be left by the respondent on trial with any one person for a period exceeding sixty days without written permission from the appellant. No second-hand machine or other property could be accepted in exchange or as part payment without written authority from the appellant. Supplies used in the operation of the adding machine, including paper and ribbons, were required to be paid for by the respondent in cash, but at the close of the term of the selling agency or upon cancellation of the contract the appellant agreed to accept all supplies of the respondent which were then on hand and in good condition and repay the respondent the amount paid to the appellant therefor.

It was averred that the appellant at a time prior to the exe-

cution of said contract was, ever since has been, and now is subject to the conditions and provisions of sec. 1770*b*, Stats. (1898), and acts amendatory thereof, and sec. 1770*d*, Stats. (Supp. 1906; Laws of 1901, ch. 399, sec. 3), and at the time of the execution of said contract and for a long time prior thereto the appellant was, ever since has been, and now is doing business in the state of Wisconsin without in any way complying with the requirements of sec. 1770*b* and acts amendatory thereof, and was, is, and has been engaged unlawfully in carrying on business in the state of Wisconsin, in violation of said sec. 1770*b* and acts amendatory thereof, and without the license mentioned in said statutes; that the appellant was and is engaged in displaying, demonstrating, repairing, and selling said machines in said state of Wisconsin contrary to said statutes; that at the time said contract was entered into, by the terms thereof and by the construction thereafter placed on said contract by the parties thereto, it was contemplated and intended by the appellant that the respondent should assume the lease of the premises formerly occupied by appellant and should maintain an office at such premises within the state of Wisconsin for the transaction of said company's business, and should display, advertise, and demonstrate said machines by leaving them on trial with persons, firms, and corporations within the state of Wisconsin, and should sell said machine by contracts of sale entered into and fully consummated within said state; and that it was further intended by said appellant that this should be done in violation of said statutes.

After other averments it was pleaded

"that by the making of said contract and by the manner in which said defendant had theretofore conducted its business within said state of Wisconsin, and by the course it pursued in conducting its business in said state thereafter, said defendant fraudulently, falsely, and deceitfully represented to this plaintiff that it had complied with the foreign corporation laws of the said state of Wisconsin hereinbefore men-

tioned and that it was authorized to transact business within said state; and said defendant also falsely, fraudulently, and deceitfully concealed from said plaintiff the fact that it had not complied with said foreign corporation laws and was not authorized to transact business within said state of Wisconsin; that said representations were false and were made by said defendant with knowledge of their falsity and with intent on the part of said defendant, by means thereof and by means of the fraudulent concealment of facts hereinbefore mentioned, to deceive said plaintiff and cause him to act thereon and to execute the contract hereinbefore mentioned; that at the time of the execution of said contract as aforesaid plaintiff had no knowledge of the fact that said defendant was not authorized to do business within said state of Wisconsin, but said plaintiff, in good faith, relied on the representations of said defendant above mentioned and acted thereon and was deceived thereby, and on the faith of said representations and by reason of the fraudulent concealment above mentioned executed said contract and entered upon the performance of the conditions of said contract on his part to be performed."

It was then averred that the respondent, pursuant to said contract and in good faith, incurred expenses to the amount of $1,412.10 in renting an office, advertising and displaying appellant's machines and placing them on trial, and in traveling expenses, etc., all in the hope and expectation of being reimbursed therefor by commissions on sales; that the respondent was unable to make sales under said contract, for the reason that he would thereby be aiding the appellant to evade and violate the foreign corporation laws of the state of Wisconsin; that this expenditure was made before the respondent discovered that the appellant had not complied with said foreign corporation laws; and that as soon as the respondent acquired that knowledge he ceased to transact the business of the agency, to his damage in the sum aforesaid.

For the appellant there were briefs by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Jackson B. Kemper,* of counsel, and oral argument by *Jackson B. Kemper.*

Among other references upon the part of the appellant
were the following: Sec. 1770*b*, Stats. (1898); *Greek-Am.
S. Co. v. Richardson D. Co.* 124 Wis. 469, 102 N. W. 888;
*Holder v. Aultman,* 169 U. S. 81, 18 Sup. Ct. 269; *Laun v.
Pac. Mut. L. Ins. Co.* 131 Wis. 555, 111 N. W. 660.

For the respondent there was a brief by *Cary, Upham &
Black,* attorneys, and *H. M. Carpenter,* of counsel, and oral
argument by *Mr. Carpenter.*

Among other references upon the part of the respondent
were the following: *U. S. v. Robbins,* 157 Fed. 999; *Corbett
v. Physicians' Cas. Asso.* 135 Wis. 505, 115 N. W. 365; *Kie-
wert v. Rindskopf,* 46 Wis. 481, 1 N. W. 163; *Melchoir v.
McCarty,* 31 Wis. 252; *Wells v. McGeoch,* 71 Wis. 196, 35
N. W. 769; *Miller v. C. & N. W. R. Co.* 133 Wis. 183, 113
N. W. 384; *Cella C. Co. v. Bohlinger,* 147 Fed. 419; *U. S.
v. Reese,* 92 U. S. 214; *Trade-Mark Cases,* 100 U. S. 82.

TIMLIN, J.　The complaint concedes that the respondent
entered into the contract in question and that he failed to per-
form on his part and withdrew from the contract.　The or-
dinary legal effect of this would be to give rise to a cause of
action against him rather than in his favor.　But he points
us to sec. 1770*b*, Stats. (1898), as amended by sec. 27, ch.
351, Laws of 1899, sec. 1, ch. 399, Laws of 1901, sec. 1, ch.
434, Laws of 1901, and ch. 506, Laws of 1905, and on these
bases his claim that an actionable wrong was first committed
against him by the appellant and his withdrawal from the
contract in question justified.

By ch. 506, Laws of 1905, foreign corporations like the ap-
pellant, as a condition precedent to transacting business or ac-
quiring, holding, or disposing of property in this state, must
file in the office of the secretary of state a copy of the charter,
etc., of the corporation, also certain reports, and pay a fee
and appoint the secretary of state as an attorney for such cor-
poration upon whom service of process may be made.　Li-
cense to transact business in this state is by the secretary of

state then issued to all foreign corporations which comply with these requirements. Sec. 1770c, Stats. (Supp. 1906; Laws of 1901, ch. 399, sec. 2).

"Every contract made by or on behalf of any such foreign corporation, affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this section, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them." Ch. 506, Laws of 1905. "The failure to comply with any of the provisions of this section shall, for such violation, subject the corporation or any agent, officer or person *acting for it* in this state, to a penalty of five hundred dollars." Id. "Such penalty shall not attach where a specific penalty is herein provided." Id.

There must be read into the foregoing statutes, where they forbid the transaction of business in this state and the acquisition, holding, and disposal of property in this state, an exception of such business as constitutes interstate commerce and an exception of such property as is acquired, held, or disposed of in this state in carrying on interstate commerce. Also, where every contract is declared to be void, we must except from that provision such contracts as relate to interstate commerce. *Loverin & B. Co. v. Travis,* 135 Wis. 322, 115 N. W. 829; *Catlin & P. Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818; *Greek-Am. S. Co. v. Richardson D. Co.* 124 Wis. 469, 102 N. W. 888.

Based upon this condition of the law the respondent urges that he has a right of action against the appellant "for damages sustained by him by reason of appellant's having fraudulently induced him to innocently aid it in carrying on an unlawful business within the state of Wisconsin, the action being founded on the deceit of appellant in inducing respondent to enter into a three-year agency contract by which he was to pay his own expenses when appellant was an unlicensed corporation and had no right to do business within the state." It is contended that appellant's fraud consisted in represent-

ing by its conduct in executing the contract in question that
it was a licensed corporation and in concealing from respond-
ent the fact that appellant had not obtained license to do busi-
ness in this state. *West London Com. Bank v. Kitson,* L.
R. 13 Q. B. Div. 360; *Lobdell v. Baker,* 1 Met. 193; and
*Rosenbaum v. U. S. C. S. Co.* 64 N. J. Law, 34, 44 Atl. 966
(*vide* 60 N. J. Law, 294, 37 Atl. 595; 61 N. J. Law, 543,
40 Atl. 591; 65 N. J. Law, 255, 48 Atl. 237), are cited and
relied upon by the respondent. But it must be noticed that
the mere execution of the contract, if the contract related to
and could be carried out by interstate commerce transactions,
was not an act forbidden by law. We have here a peculiar
legal relation. The appellant is not absolutely prohibited
from contracting within this state, but is prohibited from
contracting except with reference to a particular subject mat-
ter. That the contract set forth in the complaint could relate
to interstate commerce and might be carried out by acts con-
stituting such commerce is, we think, apparent from its pro-
visions. *Loverin & B. Co. v. Travis, supra.* Indeed, the
draftsman of the complaint seems to have felt the force of
this, for he industriously averred that the appellant was and
is transacting business in the state of Wisconsin in violation
of the statute in question. On the other hand, if the con-
tract did not relate to matters of interstate commerce and the
execution of the contract itself be considered a transaction of
business by the appellant in this state, the respondent had by
the express terms of the statute acquired by such contract an
enforceable contract right against the appellant, which was
all he sought or expected in any event. There cannot be
much question but that the legislature has the power to give
this right of action to one party to a contract by express stat-
ute, as this court has held it did by legal implication in *Laun
v. Pac. Mut. L. Ins. Co.* 131 Wis. 555, 111 N. W. 660. The
statute is explicit, to the effect that the contract shall be en-
forceable against the unlicensed corporation, and to this ex-

tent indicates a legislative policy to treat the foreign corpora-
tion, so far as the making of the preliminary contract is con-
cerned, as the offending party by prohibiting it from taking
advantage of its own default.   The failure to comply with
any of the requirements of the act under consideration shall
subject the corporation, or any agent, officer, or other person
acting for it in the state, to a penalty of $500.   No liabil-
ity under this provision can be predicated upon the mere
omission to obtain a license.   The acts prohibited are trans-
acting business within the state, or acquiring or disposing of
property within the state, without compliance with the statu-
tory conditions precedent.   In making and signing the con-
tract in question respondent was not acting for the corpora-
tion, but for himself.   By this act he violated no law, in-
curred no penalty.   It may well be that the respondent would
subject himself to this penalty should he attempt to transact
business for the unlicensed corporation not interstate com-
merce, or to acquire or dispose of property for the corpora-
tion in this state and not in the transaction of interstate com-
merce, and he had the right to refuse so to do.   But such re-
fusal did not leave him without remedy upon the contract.
Such refusal would leave him in the position of any contract-
ing party who by reason of the default of the other party to
the contract, or the nonperformance by the other party, has a
right to refuse to proceed further and begin an action *ex con-
tractu.*   This merely means that the corporation was unable,
until it obtained a license, to perform on its part, and for this
failure of performance the respondent had a right of action
on the contract in question under the statute.   Whether to
perfect this right of action he should aver a demand upon the
corporation and its failure, or the refusal so to do, we need
not here determine.   It is sufficient in the case at bar to deter-
mine, as we do, that the existence of this right *ex contractu*
excludes any right of action for deceit or upon any *quasi-*
contract liability.   If we assume that the contract related to

interstate commerce the respondent has shown himself in default; while if the contract, upon a true construction thereof, considering the language employed and the surrounding circumstances, relates to intrastate commerce, the complaint shows the appellant in default thereon with a right of action *ex contractu* existing in favor of the respondent.

It follows that the demurrer to the complaint was improperly overruled, and that the order of the circuit court should be reversed with directions to enter an order sustaining the demurrer.

*By the Court.*—It is so ordered.