No. 15,824.

### HUBBARD ET AL. *v.* MOORE.

MECHANIC'S LIEN.—*Action by Material Man.*—*Contractor Not a Necessary Party.*—The contractor is not a necessary party in an action by a material man to foreclose a mechanic's lien.

SAME.—*Filing of Lien.*—*Sufficiency of Complaint After Judgment.*—In an action to foreclose a mechanic's lien when the dates of the items in the bill of particulars show that some of the materials were furnished less than sixty days before the notice of the lien was filed, and the complaint contains a distinct averment that the notice was filed in less than sixty days after said materials were furnished, the complaint is sufficient after judgment.

SAME.—*Notice.*—*Materials Furnished After.*—*Lien.*—Under section 1692, Elliott's Supplement, a mechanic's lien can only be acquired for such materials as are furnished after the giving of such notice.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellants.

*J. E. Moore,* for appellee.

OLDS, J.—The appellant Georgia Hubbard contracted with Waggaman to build her a dwelling-house on a lot owned by her in the city of Kokomo, Howard county, Indiana. The appellee, Samuel C. Moore, furnished materials to the con-

tractor alleged to be of the value of $1,000, which was used in the construction of said dwelling. The appellee, Moore, brings this action, alleging that the appellant Georgia Hubbard was the owner of the lot, that she contracted with one Waggaman for the building of the dwelling thereon; that Waggaman purchased the materials, the wood work, of the appellee of the value of $1,000, which was furnished by him and used in the construction of the house; that appellee notified Mrs. Hubbard of the furnishing of the materials before they were furnished, and afterwards, and within sixty days from the furnishing of said materials, appellee filed a notice of his intention to hold a lien on said property for the amount of his claim in the recorder's office of said county, specifically setting forth the amount claimed and a description of the real estate, setting out a copy of the notice and making it a part of the complaint, and alleging that it was duly recorded; also setting out an itemized statement of the materials furnished; that the claim is due and unpaid, and the husband of the appellant Georgia Hubbard is made a party.

Appellants demurred to the complaint for the reason that there was a defect of parties defendant in not making Waggaman, the contractor, a party defendant, which demurrer was overruled, and the ruling is assigned as error. There is nothing in this objection to the complaint. Counsel for appellants concede that it has been decided in the case of the *City of Crawfordsville* v. *Barr*, 65 Ind. 367, that the contractor is not a necessary party, but they contend that that decision should be overruled, and that the contractor ought to be made a party. We see no good reason why we should depart from the rule laid down in the *City of Crawfordsville* v. *Barr, supra.* There is no relief sought against the contractor, and if there is any reason existing why in any case the contractor should be made a party, he may be made a party on proper showing.

Error is assigned that the complaint does not state facts

sufficient to constitute a cause of action.   The sufficiency of the complaint in this respect is first questioned by the assignment of error in this court.

It is contended that the averments of the complaint show that the appellee furnished the materials to the contractor August 29, 1889, and that the notice of the lien was filed in recorder's office on February 15, 1890, which was more than sixty days thereafter, but the dates of the items in the bill of particulars show that some of the materials were furnished less than sixty days before the notice of the lien was filed, and it is insisted that the averments of the complaint control, and therefore the complaint is defective.   If this were all of the averments of the complaint, we think it would be sufficient to bar another action, and would be a defective averment and be cured by the verdict, or finding, a discrepancy in dates that might be supplied or corrected by the proof, but the complaint contains a distinct averment that the notice was filed in less than sixty days after said materials were furnished, and the complaint is clearly sufficient after judgment.

The next error assigned is the overruling of the motion of the appellant Georgia Hubbard for a new trial.   It is alleged as causes for a new trial that the court erred in fixing the amount of the plaintiff's recovery in this, that the amount fixed by the court is too large, and that the damages assessed by the court in favor of the plaintiff are excessive.

There is a personal judgment rendered against the defendants and a foreclosure of the lien, but there is no motion to modify the judgment.

The only theory upon which there can be a recovery is upon the theory that there was a verbal notice given as required by section 1692, Elliott's Supp.

There was a written notice given, after the materials were furnished, as required by section 1696, Elliott's Supp., but there is no evidence that Mrs. Hubbard was indebted to the contractor, Waggaman, at the time the notice was given, at

least not to exceed the amount of $116, which amount she had paid to appellee, and he had accepted, before this suit was commenced, so that there would be no liability under that section.

As to Mrs. Hubbard's liability under section 1692, *supra,* under the most favorable construction to be given the evidence, the notice was not given until $225 of the amount of materials furnished by appellee had been furnished and used in the building, and for such amount, under the recent decision of *Quaack* v. *Schmid,* 131 Ind. 185, the appellant Mrs. Hubbard would not be liable ; but of that amount she accepted an order of Waggaman, drawn upon her, for $100, and paid it, but there still remained of that amount $125 for which she was not liable. If the notice was given at that time, as testified to by witnesses on behalf of the appellee, the appellee would have a lien upon the property for the amount of materials furnished after that date which he could enforce, but the court in this case allowed the full amount of the appellee's claim, and rendered a personal judgment and a decree of foreclosure of the lien.

In assessing appellee's damage at the full amount the court included $125 which was not a lien upon the property, and for which Mrs. Hubbard was not liable. The damages assessed by the court were excessive to the amount of $125, and the court erred in not sustaining Mrs. Hubbard's motion for a new trial.

If the appellee will enter a remittitur within thirty days from this date for $125 of the judgment, the judgment will be affirmed, at his costs, and on failure to enter such remittitur the judgment will be reversed, at his costs.

Filed June 8, 1892.