## LAIRD–NORTON CO. v. HOPKINS *et al.*

1. The primary purpose of the filing of a claim for mechanic's lien under section 5476, Comp. Laws, being to give notice, the sufficiency of such

claim in form and substance, as against subsequent incumbrancers without actual notice, depends upon its notice-giving quality.

2. When the property upon which such lien is claimed is so incorrectly described that it would not notify an ordinarily intelligent and careful man of the lot intended, and contains no information that would naturally lead such a man to further inquiry, the claim so filed is insufficient to carry constructive notice.

3. Where a loss occurs in consequence of such insufficient claim so filed, which must be borne either by the material man who filed it, or by an innocent subsequent incumbrancer, it must fall upon the former, who furnished the cause for it.

(Syllabus by the Court.   Opinion filed Nov. 19, 1894.)

Appeal from circuit court, Spink county. HON. A. W. CAMPBELL, Judge.

Action to foreclose a mechanic's lien. Judgment for defendants, and plaintiff appeals. Affirmed

The facts are stated in the opinion.

*N. P. Bromley*, for appellant.

Notice is information concerning a fact actually derived from a proper source or elsewhere presumed by law to have been acquired by a party, to which the law attributes the same consequence as would be imputed to knowledge. Cleveland v. Seberh, 81 Ala. 140; Wite v. Southberry, 43 Conn. 53; Whatever puts a party upon inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty and would lead to a knowledge of the requisite facts by the exercise of ordinary diligence and understanding. 23 Am. Dec. 36; Kile v. Ware, 81 Ala. 120; Filman v. Richman, 6 Colo. 120; Ellis v. Noelman, 90 N. Y. 466.

The burden is on mortgagor to aver and prove facts entitling his mortgage to priority. Jewell v. Palmer, 7 John Ch. 64; Harris v. Norton, 16 Bar. 264; Westbrock v. Erson, 76 N. Y. 23; Abbott's Ev. 715; Peck v. Mallams, 10 N. Y. 509.

*Hassell & Myers, and E. P. Soper,* for respondent.

A notice which omits that which the statute requires is fatally defective. Luscher v. Morris, 18 Abb. 67; Hentig v.

Sperry, 38 Kas. 459; 15 Am. E. Ency. 136.   Mechanic's liens being purely statutory their character, operation and extent must be ascertained by the terms of the statute creating and defining them.   Copeland v. Cahoe, 67 Ala. 594; Childs v. Anderson, 128 Mass. 108; Mushlit v. Silverman, 50 N. Y. 360; 15 Am. E. Enc. 179.

KELLAM, J.   Laird–Norton Company, a corporation, brought this action to have its claim for a mechanic's lien declared superior to that of a trust deed, of which the American Investment Company was the beneficiary, upon a house and the lot upon which it was situated, and owned by said Fred Hopkins.   The facts are practically undisputed, and are as follows: Between September, 1884, and July, 1885, appellant, who is a dealer in building material, furnished lumber and other material for the construction of a house by said Fred Hopkins.   In May, 1885, appellant filed a claim for a mechanic's lien for the amount claimed to be unpaid therefor.   In the claim so filed the real estate attempted to be subjected to this lien was described as follows: "Lot 10 in block 16, in the resubdivision of the original plat of the city of Redfield, in Spink county, Dakota territory."   In January, 1887, to secure a loan of $400, Fred Hopkins gave the trust deed already referred to, of which the American Investment Company became the owner and beneficiary.   This trust deed was given upon "lot ten in block sixteen in Albert Keep's first addition to, and resubdivision of, blocks 8, 9, 10, 11, and 12, in Redfield."   The records of the county, and the plats of the city of Redfield and its additions, show this to be the correct description; and this was the description in the deed to Hopkins, under which he held title to this lot.   Upon the trial it was expressly conceded that in making this loan, or in taking the security therefor, neither the trustee nor the beneficiary, nor the agent of either, had any actual notice or knowledge that a mechanic's lien was claimed upon this property, nor did the American Investment Company have such

notice or knowledge until this action was brought; so that the decision of this case turns upon whether the claim so filed, containing the description which it did, operated as constructive notice of a claim for a lien upon the lot upon which security for the loan was taken. The trial court held that it did not, and entered judgment establishing respondent's rights under the trust deed as prior and paramount to those of appellant's under its claim for a mechanic's lien. From such judgment this appeal is taken.

The description in appellant's claim for a lien was incomplete, and probably inaccurate. In determining its effect as a source and means of constructive notice, it must be remembered that this was the primary purpose of its filing. It was not necessary to establish the lien as against Hopkins. Its efficacy as between the parties to this controversy must be tested by its notice-giving quality. It seems to us more a question of fact than of law. If the description as given in the claim filed, would notify an ordinarily intelligent and careful man that the lot intended was the lot upon which the security was subsequently taken, or even if it was sufficient to put such a man upon inquiry which, if prosecuted, would have developed such fact, then the notice, as to him, ought to be held adequate; but, as that was the primary purpose of its filing, if it was not reasonably sufficient thereto it ought not to be held good. Before making the loan, the party making it procured an abstract of title to the lot offered as security, and described in the trust deed; and, although the same is not set out in the record presented to us, it seems to be conceded that it shows no claim for a lien against this lot. It seems from the evidence that the lot is located in an addition to the city, while the lien claim locates it in the original plat. A party interested only in the title to one particular lot would not ordinarily give attention to an incumbrance upon a lot so described as to indicate an entirely different lot. It appeared to the trial court, and it appears to us, after a careful reading of all the evidence throwing light

upon the matter, that the lien notice did not describe the lot hypothecated to respondent's assignor, nor contain such a description of any lot as ought to have excited appellant to further inquiry. If this were an action by appellant to establish and foreclose its lien as against Hopkins, and he were resisting on account of this defective notice or claim, there would be no merit in it; but as between appellant and respondent, as a subsequent incumbrancer, there is merit in it, just to the extent that, in the exercise of reasonable care, it was misled by appellant's mistake. The appellant made the mistake, and, as between it and another at least equally innocent, the loss must fall upon the former, as furnishing the cause for it. The judgment of the circuit court is affirmed. All the judges concur.