## Bohn Mfg. Co. v. Keenan *et al.*

1. Under Comp. Laws, § 5470, providing that a claimant desiring to avail himself of the provisions relating to mechanic's lien shall file "a just and true account of the demand due him," a claimant who files a claim for over $500, when it should not have exceeded $400, in pursuance to a fraudulent agreement with the contractor to defraud the owner, will be estopped to assert his lien, on the ground of his fraud; and hence allegations in an answer in a suit to foreclose a mechanic's lien averring such facts cannot be stricken out.

2. The fact that a contractor is under a special contract in the erection of a building does not render it immaterial as to what sum the contractor agreed to pay one for materials furnished, so as to permit such material man to file a lien for a larger amount than is justly due him.

3. Where the answer in a suit to foreclose a mechanic's lien alleges, in addition to fraud on the part of the lien claimant in filing a claim for more than is justly due him, that he assisted the contractor in extorting more from the owner than was due him, the contention that the owner can suffer no injury, except through his fault in not retaining a sufficient amount to pay the lien claim is unavailing to support the lien.

(Opinion filed March 1, 1902.)

Appeal from circuit court, Clark county. HON. LORING E. GAFFY, Judge.

Action by the Bohn Manufacturing Company against Stephen A. Keenan and others. From an order striking out a part of the answer as sham and irrelevant, defendants appeal. Reversed.

*S. A. Keenan* and *F. E. Strawder,* for appellants.

*Geo. W. Case,* for respondent.

CORSON J. This is an appeal by the defendants from an order striking out a part of their answer as sham and irrelevant. The action was for the enforcement of a lien against the property alleged to be owned by the defendants Ware & Griffin for the sum of $526.40, for material furnished to the defendant Shoultz, and used by him in the construction of a building erected by the defendants under a contract entered into between the defendants Ware & Griffin and Keenan with their codefendant Shoultz, by which said Shoultz agreed to provide material and labor, and erect for his codefendants a building for the sum of $3,318, to be paid in part as the work progressed, and the balance upon the completion of the building. The defendants admit the making of the contract substantially as alleged, and aver that they paid the said Shoultz on account thereof the sum of $3,280, and deny the other allegations of the complaint, except the incorporation of the plaintiff. The defendants, as a defense to said action, alleged, in substance, that the plaintiff entered into a conspiracy with said Shoultz to defraud these defendants by making an agreement with said Shoultz to furnish the material for the said building at a price largely in excess of its real value, and collect the same by enforcing a lien upon the defendants' property, and to repay to said Shoultz the difference between the real value of said material and the sum so collected from the

defendants; that, in order to carry out said scheme and conspiracy, the plaintiff agreed to withhold all information as to the amount of its claim from the defendants until the said Shoultz could collect all he possibly could from the defendants on account of his said contract, and then enforce its lien against the building and property; and that in pursuance of said conspiracy the plaintiff refused to inform the defendants, when requested, as to the amount of its claim, and filed its lien for the full sum of 526.40, when the actual value of the material furnished did not exceed $400. Defendants further allege that they were misled by the acts and conduct of the plaintiff, and by reason of the fraudulent agreement and conspiracy on the part of the plaintiff and said Shoultz , and that said Shoultz by means of such conspiracy obtained from the defendants nearly all of the money agreed to be paid him by the terms of his contract, to the damage of the defendants in the sum of $600. Under the scheme and conspiracy as alleged, the plaintiff filed its lien, knowingly and intentionally, for a larger sum than was actually due it for the material so furnished to the contractor. It will thus be seen that, under the allegations of the answer, the plaintiff deliberately entered into a scheme and fraudulent agreement with Shoultz, the contractor, to defraud these defendants through and by means of the enforcement of a mechanic's lien; and the defendants allege that, by reason of such fraudulent agreement and conspiracy on the part of said plaintiff with said Shoultz, the plaintiff is estopped from asserting any claim or right to a lien against the property of the defendants for the material so furnished, or any part thereof; and the defendants, among other things, demand judgment against the said plaintiff, that it be estopped from claiming or asserting a right to a lien against said building and property, and that the same be canceled of record.

The motion to strike out, like a demurrer, assumes that the facts alleged for the purpose of the motion are true. Assuming that such a fraudulent conspiracy actually existed between the plaintiff and the said Shoultz, and that the plaintiff was in fact aiding and abetting said Shoultz in defrauding these defendants, it is estopped from asserting a lien against their property. Courts will not lend their aid to parties in the commission of fraud, and, if the plaintiff knowingly and intentionally files a claim for a lien for a larger amount than is due it for materials furnished, it forfeits its right to such lien. One of the conditions under which a party may enforce a mechanic's lien against the property for material furnished or labor performed is that he shall file a "just and true account of the demand due him." Section 5470, Comp. Laws. Where, therefore, a party files an account which he knows is not just and true, for the purpose of defrauding the owner of the property, or for the purpose of aiding others in defrauding the owners of the property, the law will not aid him in enforcing his lien. Gibbs v. Hanchette, 90 Mich. 657, 51 N. W. 691; Mercantile Co. v. Mosser, 105 Mich. 18, 62 N. W. 1120; Lynch v. Cronan, 6 Gray, 531; Foster v. Schneider (Sup.), 2 N. Y. Sup. 875; Whitenack v. Noe, 11 N. J. Eq. 321; Reeve v. Elmendorf, 38 N. J. Law, 125; Hoffman v. Walton, 36 Mo. 613; Stubbs v. Railway Co. (Iowa), 22 N. W. 654; Phil. Mech. Liens, § 355. In Gibbs v. Hanchette, *supra,* the supreme court of Michigan, where the lienor had filed an account knowingly for too large a sum, said: "A careful perusal of the evidence shows us no reason for reversing the finding of the court upon the facts. * * * The purpose of the statute is that an accurate and truthful claim shall be filed. The authorities very generally hold that where there is an honest mistake of fact, made in the honest belief of its correctness, courts will

not for that reason hold that the lien is lost.   But where claimants place upon record a statement which they know is not correct, the authorities are very uniform that the lien is lost.   \* \* \*   There is good reason for requiring strictness, accuracy, and truthfulness in filing these statements.   They are proceedings *ex parte* and *invitum* as to those against whom they are aimed.   The effect is to tie up their property; to prevent sales and raising money by mortgage.   \* \* \*   It is held in Lynch v. Cronan, *supra,* under a statute of like import with our own (Chief Justice Shaw speaking for the court), that a failure by a lienor to give a credit of $5 upon a claim of $24 destroys the lien.   Lienors, with knowledge of the status of the account, or with information thereof at their disposal, cannot be excused for a failure to file this truthful statement, so wisely and clearly required by the statute.   To hold otherwise would be offering a premium for thoughtlessness and carelessness, and in establishing liens contrary to the provisions of the law."   It appears from the opinion in this case that the statute of Massachusetts is substantially the same as our own, requiring that a "just and true account" of the demand shall be filed.   It is alleged in the answer that the value of the material furnished did not exceed $400, while the claim filed specified $526.40.   It thus appears that the plaintiff was seeking to recover of defendants, through its claim of lien, the sum of $126.40, which, under its agreement with Shoultz, it was to repay to him when collected.   Such a fraudulent proceeding on the part of the plaintiff clearly destroys its claim for a lien, and, upon the assumption that the facts alleged in the defendant's answer are true, it would be the duty of the court not only to deny plaintiff's claim for a lien, but to enter a judgment canceling the same of record.

It is contended on the part of the respondent that, inasmuch

as Shoultz erected the building under a special contract with the defendants for a specific amount, it was immaterial to them what sum Shoultz was to pay plaintiff for the material furnished; but this contention is clearly untenable. It is alleged in the answer, and for the purpose of the motion, as before stated, it must be assumed to be true, the defendants had paid to Shoultz very nearly all they had agreed to pay under the terms of the contract. Hence, if the defendants should be compelled to pay the amount of plaintiff's claim, they will sustain damage to the amount of the difference between the small balance due Shoultz under the contract and the amount of the plaintiff's claim. Defendants are therefore directly interested in defeating the claim of the plaintiff, in order to protect themselves against a double payment.

Again, the respondent contends that, inasmuch as the amount claimed by the plaintiff was under a special cantract and agreement with Shoultz, the defendants can suffer no injury, except through their own fault, in not retaining a sufficient amount in their hands to satisfy the plaintiff's lien; but this position is untenable, for the reason that it is alleged on the part of the defendants that it was part of the fraudulent conspiracy that the plaintiff should aid and assist Shoultz in extorting from the defendants more money than he was entitled to receive under his contract, and that the plaintiff had in fact aided Shoultz in obtaining from the defendants a large amount to which he was not entitled, and that by reason of these fraudulent acts on the part of the plaintiff the defendants had sustained damage to the amount of $600. The defendants therefore have a right to show, if they can, that the plaintiff was engaged in the conspiracy to defraud them by the enforcement of its lien.

Our conclusion, therefore, is that the court below erred in strik-

ing out the part of the answer in controversy, and the order of the circuit court is reversed.