SQUIER, Respondent, v. MITCHELL, et al., Appellants.

(143 N. W. 277.)

1. **Appeals—Review—Conflicting Evidence.**

Findings of fact based on conflicting evidence will not be disturbed on appeal, unless against the clear preponderance of the evidence.

2. **Appeals—Rulings on Evidence—Prejudice.**

Where, on trial to the court, there is sufficient evidence remaining to support the findings after eliminating all objectionable evidence, judgment will not be reversed on exceptions to reception or rejection of evidence.

3. **Depositions—Notice of Taking—Motion to Suppress—Place of Taking Depositions.**

Where a notice of taking a deposition designated the place at which it was to be taken as "12 South Main street, Minot,

N. D.," the actual location where it was taken being 12 North Main street, such mistake in designating the place is not ground for suppression of the deposition, it not appearing that appellants were or could have been prejudiced or misled by such mistake, or that they did not know the correct place where it was intended to take the deposition; mere irregularities not prejudicial to substantial rights not being ground for such suppression.

4. Mechanics' Liens—Right to Lien—Contract for Labor and Materials—Necessity of Writing.

A mechanic's lien arises from operation of statute, not by direct contract of the parties. Held, further, that authorization of the employment of labor is in effect the same as if the employment was personally effected; and a contract for labor and materials may be the subject of a mechanic's lien, though not in writing.

(Opinion filed October 6, 1913.)

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by E. L. Squier against George W. Mitchell and W. H. Pratt, Jr., to foreclose a mechanic's lien. From a judgment for plaintiff, defendants appeal. Affirmed.

*Bartine & Bartine,* and *F. C. Wederath,* for Appellant.

Evidence fails to show M. E. Noonan or M. F. Noonan to be agents of defendants for procuring materials or labor. To bind defendants a contract either express or implied must have been made with plaintiff. It is not contended by plaintiff, or Wynans who represents him, that Mr. Mitchell or any of the defendants ever gave any assurance that they would pay any bills contracted by Noonan or ever talked with them.

There was no holding out to plaintiff that anyone other than M. F. Noonan was to pay for the work.

An agent appointed by parol has no right to mortgage real property. Rev. Civ. Code, Secs. 340, 330, 337; Amer. & Eng. Enc. of Law, (2d Ed.) Vol. I, p. 1021.

From analogy, the placing of property under such a condition that it will be in the same danger of sale, suggests reasons for the same care.

This court has held in many mechanic's lien cases, and other court cases, that merely the greater weight of the evidence is all that is required to bring about a reversal. Somers v. Somers,

(S. D.) 131 N. W. 1091; Sutton et al. v. Consolidated Apex Mining Co., 15 S. D. 410; Pinkerton v. Le Beau et al., 3 S. D. 440; Cawley v. Day, 4 S. D. 221; Kelly v. Wheeler, 22 S. D. 611; Williams v. Williams, 6 S. D. 284, 290, 294.

Findings by the court are not so controlling upon the Supreme Court as a verdict of the jury. Even in cases where the jury has brought in a verdict, this court has reversed because of insufficiency of the evidence. State v. Pratt, 21 S. D. 305.

*Chas. D. Howe,* and *James Brown,* for Respondent. No brief was filed in behalf of respondent.

McCOY, J. This is an action to foreclose a mechanic's lien for labor alleged to have been performed in painting portions of a hotel building owned by defendants Mitchell and Pratt. Findings and judgment were in favor of plaintiff, and defendants appeal.

[1] It is urged that the evidence is insufficient to sustain the findings. There was much sharp conflict in the evidence as to whether or not the said owners of said hotel authorized Noonan and wife, occupants of said hotel, to employ plaintiff to do said paintink. Findings of fact based on conflicting evidence will not be disturbed on appeal, unless found to be against a clear preponderance of the testimony. We cannot say that such is the case here. It will serve no useful purpose to fully set out or further refer to the testimony in connection with this contention.

[2] Many assignments of error are made which are based upon exceptions to the reception or rejection of testimony. This was a trial before the court without a jury, and it must be presumed that in deciding the case the trial court eliminated from consideration all incompetent and improper evidence. 2 Ency. Pl. & Pr. 474. In a trial before the court, where there is sufficient evidence remaining to support the findings after eliminating all objectionable evidence, the judgment will not be reversed on appeal. Such seems to be the situation in the case at bar.

[3] Defendants moved to suppress the depositions of Noonan and wife, on the ground that said depositions were not taken at the place where defendants were notified the same would be taken. The notice to take said depositions recited that the same would be taken by Benjamin A. Sordal, a notary public, at 12 South Main street, in the city of Minot, state of North Dakota. The

motion to suppress was based on affidavits stating that said depositions were not taken at 12 South Main street, Minot, but at 12 North Main street, said Minot, and because of lack of notice defendants' rights were prejudiced, as said depositions were taken without notice to said defendants. Mere irregularities, which in no manner prejudice the substantial rights of a party, are not sufficient grounds for suppressing a deposition. Jones, Ev. 709; 13 Cyc. 904. It does not in any manner appear from the statement in appellants' brief that appellants were or could have been in any manner prejudiced or misled by reason of the words "12 South Main street" being used in the notice instead of the words "12 North Main street." There is nothing appearing in this statement of the record that would tend to show that appellants or some of their attorneys did not know that "12 North Main street" was the place intended for the taking of said depositions. If appellants or any of their attorneys knew that "12 North Main street" was the place where said deposition was in fact intended to be taken, then appellants were in no manner prejudiced or misled. 12 North Main and 12 South Main in a city the size of Minot would in all probability not be more than a block apart. The burden is on appellants to affirmatively show error in the statement preceding the brief. There is nothing to show that the trial court erred in denying the motion to suppress the depositions.

[4] Some contention is made that, even if appellants, Mitchell and Pratt, did authorize Noonan to employ plaintiff to perform said labor on said building, unless said authorization was in writing, it was void, as the effect thereof was to charge real estate with a lien. We are of the opinion that this contention is not tenable, for the reason that a mechanic's lien arises from the operation of the statute, and not by direct contract of the parties. If said appellants authorized Noonan to employ plaintiff, then the authorization was appellants' act, the same as if appellants personally had employed him. There is nothing in the law, of which we have any knowledge, that requires the contract for materials or labor, on which a mechanic's lien may be based, to be in writing.

Finding no prejudical error in the record, the order and judgment appealed from are affirmed.