WITTROCK, Respondent, v. HALL, Appellant.

(211 N. W. 801.)

(File No. 5923.  Opinion filed January 28, 1927.)

**Mechanics' Liens—Honest Mistake by Possessor of Mechanic's Lien as to Amount Due and Property Affected by Lien Held Not to Vitiate Lien.**

In action to foreclose mechanic's lien, plaintiff held not to have foreited lien by honest mistake in claiming $30 more than allowed and in describing three lots when only one was affected.

Note.—See, Headnote, American Key-Numbered Digest, Mechanics' liens, Key-No. 157(3), 40 C. J. Sec. 253.

Appeal from Circuit Court, Minnehaha County; HON. HERBERT B. RUDOLPH, Judge.

Action by Charles Wittrock against Mary Hall to foreclose a mechanic's lien.  From a judgment for plaintiff, defendant appeals.  Affirmed.

*Ray E. Dougherty,* of Sioux Falls, for Appellant.
*Teigen & Davis,* of Sioux Falls, for Respondent.

POLLEY, J.  Plaintiff performed labor for defendant in digging a cellar on certain premises described as the west 44 feet of three designated lots in Sioux Falls.  He thereafter filed a claim for a mechanic's lien on said premises, in which he alleged there was due him $86.45 for such labor.  This action was brought to recover said sum of money and for the foreclosure of said lien.

The court made findings of fact and conclusions, and entered a decree as prayed for by plaintiff, except that the court found that the amount due plaintiff was $56.45 instead of $86.45, as claimed in the said notice of lien, and that he was entitled to a lien on but one of the said lots, and awarded plaintiff a lien on one only of the lots described in the complaint.  From such decree defendant appeals.

Appellant urges two grounds for a reversal.  The first is that the complaint is insufficient to support the judgment; and, second, that the findings of the court do not support the conclusions or the judgment.

These contentions are predicated on the claim made by appellant that—

"The complaint is based upon a mechanic's lien in which the plaintiff under oath willfully and fraudulently misrepresented the amount due him, and the extent of his lien."

In support of this contention appellant cites and relies upon Bohn Mfg. Co. v. Keenan et al, 15 S. D. 377, 89 N. W. 1909, and Smith v. Allmendinger, 41 S. D. 144, 169 N. W. 512. In these cases this court held that, where a lienor intentionally and willfully files a false and exaggerated claim, he forfeits his lien. But in this case there is nothing to show that respondent willfully or intentionally falsified his lien statement. There is no finding by the court to that effect, and the evidence is not before this court. The mere fact that the respondent claimed $30 more than the court found to be due him is not sufficient to support a presumption that he intentionally filed a false claim. Nor does the mere fact that he described parts of three lots when but one is affected vitiate the lien. For anything that appears in the record these mistakes were honestly made.

The judgment appealed from is affirmed.