KEELEY LUMBER AND COAL COMPANY, Respondent v. DUNKER et ux., Appellants

(77 N.W.2d 689)

(File No. 9558. Opinion filed June 29, 1956)

**Chas. E. Gorsuch,** Aberdeen, for Defendants and Appellants.

**Campbell, Voas & Richardson,** Aberdeen, for Plaintiff and Respondent.

ROBERTS, P. J. Defendants Marvin H. Dunker and Gladys I. Dunker are the fee owners of a quarter section of land in Brown County, the property here involved. A contract was entered into with one Ray Zweber for the construction of an elevator on this land for the approximate cost of $22,000. The contractor purchased materials of plaintiff which were used in erecting the elevator. Within the statutory period, plaintiff filed a mechanic's lien statement against the property and this action was commenced to enforce the lien. Defendants answered alleging that they with knowledge of the plaintiff paid the contractor for all labor and materials furnished; that the lien was invalid and unenforceable because plaintiff had not served on the owners a sworn account and notice of its claim as required by statute; and that plaintiff in its lien statement demanded amounts which it knew were not true and correct and that this invalidated the lien. The court made findings and conclusions determining plaintiff's lien against the premises to be the sum of $6,036.46, plus interest and costs. Defendants have appealed.

A mechanic's lien is purely a creature of statute. Squier v. Mitchell, 32 S.D. 342, 143 N.W. 277. The existence and continuance of the lien as well as the jurisdiction of the court to enforce it depend upon compliance with the statute. Botsford Lumber Co. v. Schriver, 49 S.D. 68, 206 N.W. 423; Stoneberger v. Davis, 74 S.D. 300, 51 N.W.2d 873. Under the provisions of SDC 39.0701, a materialman to be entitled to a lien must have furnished the materials "at the request of the owner or the duly authorized agent or representative of the owner, or of any contractor or subcontractor". It is contended that in determining the meaning of this language we must consider the change that was made in the 1939 revision. The provisions referred to were derived from Section 1643, Rev.Code 1919, which provided that a materialman had a lien for materials contributed to the improvement of real property "whether under a contract

with the owner of such real estate or at the instance of any agent, trustee, guardian, contractor, or subcontractor, of such owner". The contention is that under the present statute there must be a direct relationship between the owner and lien claimant. We think that this contention is without merit. The 1939 revision does not indicate an intention that materialmen protected are only those who furnish materials directly under contract with the owner, and not indirectly under contract with the builder or contractor.

■■ SDC 39.0703 provides that any person described in Section 39.0701 as entitled to a lien may serve a sworn account and notice of his claim and thereupon the owner shall withhold from his contractor so much of the contract price as may be necessary to meet the claim. This remedy is cumulative and is separate and distinct from the procedure for retaining and enforcing a lien upon the property. The claim of invalidity of the lien because plaintiff did not serve such a notice upon defendants cannot be sustained.

■■ Defendants assert that the lien sought to be foreclosed was of no force or effect because plaintiff demanded an amount that was more than was just and due for materials furnished. The court found that the lien statement included items amounting to $107.08 for which plaintiff was not entitled to a lien; that these overcharges resulted from mathematical errors and items of materials that were not ordered for the improvement here involved; and that plaintiff did not intentionally claim more than was justly due. It has been held that the inclusion in a mechanic's lien statement of non-lienable items does not in the absence of bad faith destroy the lien. Wittrock v. Hall, 51 S.D. 39, 211 N.W. 801. Defendants rely on Bohn Mfg. Co. v. Keenan, 15 S.D. 377, 89 N.W. 1009, and E. S. Gaynor Lumber Co. v. Morrison, 75 S.D. 132, 60 N.W.2d 83. In these cases the court found that the materialmen demanded in their lien statements amounts which they knew were not just and true for the purpose of defrauding the owners. The evidence in the instant case sustains the finding to the effect that plaintiff did not knowingly file a lien statement for an excessive amount.

■■ Defendants urge that because the contractor Ray

Zweber or the trustee in bankruptcy of his estate was not joined as a defendant there is a defect in parties. Parties have long been classified as necessary and proper. Necessary parties defendant are those without whom a complete determination or settlement of the questions involved cannot be made. SDC 33.0409. A proper party defendant is a person having no real interest in the questions at issue, but who has some interest in the controversy or subject matter of the suit which is separable from the interests of the other parties before the court. 67 C.J.S., Parties, § 1(f).

As to the foreclosure of a mechanic's lien SDC 39.0713 provides in part as follows: "The action to foreclose the lien may be commenced by any lienholder who has filed his lien statement as required in this chapter, and all other such lienholders who are not joined with him as plaintiffs shall be made defendants. Any such lienholder not named as a defendant may nevertheless answer the complaint and be admitted as a party. All parties having liens under this chapter may join as plaintiffs, if they so desire, prior to the commencement of any action by a single lienholder. Upon the application of the plaintiff, or any one claiming an interest in the property, the Court may make an order requiring all persons claiming any interest in the property or lien thereon to appear in the action, either by complaint in intervention or by answer, and to set up whatever rights, claims, or interests they may have in and to the property involved in the action, within a time to be fixed by the Court in its order, which shall not be less than sixty days after the first publication of the same."

■■ A contractor may be a proper party in an action by a materialman to foreclose a mechanic's lien, but it does not follow that he is a necessary party. In Burgi v. Rudgers, 20 S.D. 646, 108 N.W. 253, the contention was made as here that a contractor was a necessary party in an action to foreclose a mechanic's lien, but this court holding adversely to such contention observed that there was no statutory requirement that a contractor be made a party and that the plaintiff subcontractor in that action was not called upon to exhaust his remedy against the contractor before proceeding against the property. We see no good reason for

departing from the holding in that case although the present statute and procedure differ somewhat from the provisions construed in that case. There is a diversity of view respecting the necessity of making the contractor a party to the foreclosure of a mechanic's lien. There is variance in statutory provisions and in many jurisdictions the contractor under the governing statute is a necessary party. See Annotation in 100 A.L.R. 128. Among cases in harmony with the holding in the Burgi case are the following: Hazard, Gould & Co. v. Rosenberg, 177 Cal. 295, 170 P. 612; Goodro v. Tarkey, 112 Vt. 212, 22 A.2d 509; George v. Oregon, C. & E. Ry. Co., 118 Or. 502, 247 P. 780; Didier v. Webster Mines Corporation, 49 Nev. 5, 234 P. 520; Caltrider v. Isberg, 148 Md. 657, 130 A. 53; Hubbard v. Moore, 132 Ind. 178, 31 N.E. 534.

 It is contended that no lien could attach to the interest of the wife in the land; that the contract made by the husband alone did not subject her interest to a lien. The trial court found that defendants entered into a contract with Zweber to construct the grain elevator on their premises and that Zweber did construct the elevator with full knowledge and consent of the defendants. The sufficiency of the evidence to sustain this finding is challenged. Mrs. Dunker did not testify. We think that the facts and circumstances are sufficient to show that Mrs. Dunker had knowledge not only that the improvement was contemplated, but that it was actually being made. The testimony of the husband was that defendants resided on the farm premises and that the wife was present and knew that the elevator was thereon being constructed. SDC 39.0706 provides: "When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior incumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to the liens therefor. Any person who has not authorized the same may protect his interests from such liens by serving upon the persons doing the work or otherwise contributing to such improvement, within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting

like notice, and keeping the same posted, in a conspicuous place on the premises". This statute makes the interest of an owner subject to liens for improvements made upon his land unless he gives the required notice within five days after learning that the improvement is being made. Stoneberger v. Davis, supra. The evidence sustains the finding that Mrs. Dunker had knowledge of the making of the improvement and it is conceded that no notice of nonassent was served or posted in compliance with the statute.

■■ Defendants further contend that the court erred in rendering personal jurgment against them. The purchase of materials by the contractor could only operate to charge the property of the defendants with a lien and could not charge them with personal liability. In holding that a similar judgment could not be rightly construed as imposing personal liability, this Court in Cole v. Custer County Agricultural, Mineral & Stock Association, 3 S.D. 272, 52 N.W. 1086, 1088, said: "It is true the statement of the amount due is in the form of a personal judgment, but it must be considered in connection with the other provisions in the judgment, in order to determine its character. It contains no direction that execution issue therefor, but the judgment proceeds to declare that it shall be satisfied by a sale of the property on which the lien is claimed. * * * These various provisions are inconsistent with a personal judgment, and make it, we think, simply a statement of the amount due, and not a 'personal judgment,' in the sense in which that term is generally used." We hold that the judgment herein is not a personal judgment.

The judgment appealed from is affirmed.

All the Judges concur.