Chet SHERMAN, d/b/a Sherman's Concrete Construction, Plaintiff and Appellant,

v.

Donald W. MEYER and Audrey R. Meyer, Defendants and Appellees.

No. 13289.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1981.

Decided Nov. 10, 1981.

Rehearing Denied Dec. 2, 1981.

William J. Pfeiffer, Aberdeen, for plaintiff and appellant.

Bruce A. Hubbard of Morrill, Hansen, Hubbard & Brown, Sturgis, for defendants and appellees.

PER CURIAM.

Chet Sherman (appellant) appeals from an order granting appellees' motion to dismiss. We affirm.

Appellees, Donald and Audrey Meyer, had hired a contractor, Russell Johnson, to do work on their property. Johnson subcontracted work to appellant who filed a mechanic's lien for his work. In accordance with SDCL 44–9–26, appellees demanded foreclosure of the lien. Appellant counterclaimed for services and goods sold and delivered in the amount of his lien. Appellant released his mechanic's lien and the court entered an order dismissing appellees' complaint with prejudice and appellant's counterclaim without prejudice. Appellant then brought this action for (1) goods sold and delivered, and for services rendered and, (2) for unjust enrichment. Appellant, in his complaint, did not allege the existence of a contract between himself and appellees. Appellees moved to dismiss appellant's complaint for failure to state a claim on which relief could be granted. The trial court granted appellees' motion.

Appellant contends that the trial court should not have dismissed his complaint since both his counts stated claims upon which relief could have been granted. The record of the previous action reveals that appellant failed to bring an action to foreclose his mechanic's lien after written demand had been served on him and thereby forfeited the lien. SDCL 44-9-26. Absent a properly perfected mechanic's lien or privity of contract, subcontractors have no personal claim against an owner of property. *McLaughlin Electric Supply v. American Empire Insurance Company*, 269 N.W.2d 766 (S.D.1978).

> The established rule in South Dakota is that under ordinary circumstances, a property owner will not be held personally liable for work or materials furnished by a subcontractor to a contractor according to a contract between the contractor and subcontractor, where the property owner is not a party to the contract. This has been expressed by this court in *Keeley Lumber and Coal Co. v. Dunker*, 1956, 76 S.D. 281, 77 N.W.2d 689, as follows:
>
> > The purchase of materials by the contractor could only operate to charge the property of the defendants with a lien and could not charge them with personal liability. 76 S.D. at 287, 77 N.W.2d at 692.
>
> The importance of privity of contract is underscored in SDCL 44-9-49 which states that
>
> > [n]o failure to comply with any of the provisions of this chapter (mechanics' and materialmen's liens) shall affect the right of any person to recover, in an ordinary civil action, from *the party with whom he has contracted.* (emphasis added)

*McLaughlin*, supra, at 770.[1] For these reasons appellant's complaint failed to state a cause of action on either count.

The trial court properly granted appellees' motion. Its order is affirmed.

---

1. We are not unmindful of *Ringgenberg v. Wilmsmeyer*, 253 N.W.2d 197 (S.D.1977), but we are not bound by that decision. *Ringgenberg* was decided by four justices, two of whom supported recovery for unjust enrichment while two did not. The decision lacks value as precedent on the issue of unjust enrichment.